RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0249p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
───────────────────

IN RE: FORD MOTOR COMPANY,

　　　　　　　　　　　　　*Petitioner*.

─────────────────────────────────────────

PAUL WEIDMAN, et al.,

　　　　　　　　　　　　　*Plaintiffs-Respondents*,

　　　*v*.

FORD MOTOR COMPANY,

　　　　　　　　　　　　　*Defendant-Petitioner*.

> No. 22-0109

On Petition for Permission to Appeal.

United States District Court for the Eastern District of Michigan at Detroit;
No. 2:18-cv-12719—Gershwin A. Drain, District Judge.

Decided and Filed:  November 16, 2023

Before:  BOGGS, THAPAR, and READLER, Circuit Judges.
───────────────────

## COUNSEL

**ON PETITION FOR PERMISSION TO APPEAL:**  Jill M. Wheaton, John M. Thomas, Krista L. Lenart, DYKEMA GOSSETT PLLC, Ann Arbor, Michigan, Stephanie A. Douglas, BUSH SEYFERTH PLLC, Troy, Michigan, Randall W. Edwards, O'MELVENY & MYERS LLP, San Francisco, California, for Petitioners.  **ON RESPONSE:**  E. Powell Miller, Sharon S. Almonrode, Dennis A. Lienhardt, THE MILLER LAW FIRM PC, Rochester, Michigan, W. Daniel "Dee" Miles, III, BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C., Montgomery, Alabama, Adam J. Levitt, John E. Tangren, DICELLO LEVITT GUTZLER LLC, Chicago, Illinois, Mark P. Chalos, Annika K. Martin, LIEFF CABRASER HEIMANN BERNSTEIN, LLP, Nashville, Tennessee, for Respondents.

―――――――――――――

**OPINION**

―――――――――――――

PER CURIAM.  By enabling enormous aggregation of claims and parties, class actions represent a significant departure from "our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016).  It's easy to understand why class actions are the exception, not the rule; exponential aggregation of claims and parties magnifies the stakes of litigation and can thus have massive ramifications for plaintiffs and defendants alike.  *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834 (7th Cir. 1999) (Easterbrook, J.) ("[A] grant of class status can propel the stakes of a case into the stratosphere.").  To ensure appropriate use of this potent litigation device, Federal Rule of Civil Procedure 23 serves as a gatekeeper to class certification.  Far more than "a mere pleading standard," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), the Rule erects four threshold safeguards:  numerosity, commonality, typicality, and adequacy.  Fed. R. Civ. P. 23(a).  Satisfying the Rule requires a named plaintiff to offer "[s]ignificant" evidentiary proof that he can meet all four of those criteria, where they are contested.  *Doster v. Kendall*, 54 F.4th 398, 432 (6th Cir. 2022) (quoting *Wal-Mart*, 564 U.S. at 353); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  As for the district court, it should not certify a class unless its "rigorous analysis" shows that not one or two, but all four Rule 23(a) prerequisites are met.  *Davis v. Cintas Corp.*, 717 F.3d 476, 484 (6th Cir. 2013) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

The district court in this case certified statewide classes to resolve three issues relating to a purported brake defect in Ford F-150 pickup trucks.  For the most part, the district court thoughtfully considered the issues presented in concurrent motions for summary judgment and class certification.  But Rule 23 requires precision across the board.  And the district court's cursory treatment of commonality, one of the four necessary class action ingredients, failed to meet Rule 23's stringent requirements.  *See* Fed. R. Civ. P. 23(a)(2).  For that reason, we grant Ford's Rule 23(f) petition for interlocutory review, vacate the class certification order, and

remand for more searching consideration. *See In re Tivity Health, Inc.*, No. 22-0502, 2022 WL 17243323, at *2 (6th Cir. Nov. 21, 2022).

I.

A putative class, represented by named plaintiffs from various states, sued Ford Motor Company over an alleged design defect in their F-150 pickup trucks, model years 2013 through 2018. According to plaintiffs, Ford installed defective step-bore brake master cylinders manufactured by another company, Hitachi. The brand of brake cylinder at issue relied on internal seals to maintain necessary pressure while braking. Plaintiffs articulated two alternative theories of how the defect—failure of the internal seals—would occur, namely "leak into booster" and "bypass failure." Due to the alleged defect, the trucks' brake performance reportedly suffered.

Plaintiffs moved to certify injunction and damages classes under Federal Rule of Civil Procedure 23(b)(2) and (b)(3), or, in the alternative, an issue class under Rule 23(c)(4). The district court found the case for the first two types of classes lacking. It rejected an injunction class on the basis that plaintiffs' sought-after damages were not "incidental" to their requested injunctive relief. Likewise, it rejected a damages class because common issues did not "predominate" over individual questions like reliance, the existence of actual defects, and the applicability of statutes of limitations.

The district court did, however, certify five statewide issue classes under Rule 23(c)(4). The classes consist "of all persons who purchased or leased" "a 2013–2018 Ford F-150 equipped with a Hitachi made step-bore master cylinder not included in Safety Recall 20S31" in Alabama, California, Florida, Georgia, and Texas, respectively. The three issues certified for resolution on a class-wide basis were (1) whether the trucks' brake systems were defective; (2) whether Ford possessed pre-sale knowledge of the defect; and (3) whether concealed information about the defect would be material to a reasonable buyer. When the district court denied Ford's motion to reconsider its decision to certify these issue classes, the company, invoking Rule 23(f), filed this petition for interlocutory review of the class certification. *See In re Delta Air Lines*, 310 F.3d 953, 957–60 (6th Cir. 2002) (per curiam) (describing our jurisdiction on Rule 23(f) appeals).

II.

To represent a class under Rule 23, a named plaintiff must "affirmatively demonstrate" four characteristics. *Wal-Mart*, 564 U.S. at 350. The class must be "so numerous" that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). Common questions of law or fact must exist. *Id.* (a)(2). The named plaintiff's claims must be typical of those of the class. *Id.* (a)(3). Likewise, the named plaintiff must be prepared to "fairly and adequately protect" the class's interests. *Id.* (a)(4). Generally, a district court enjoys broad discretion to decide whether class certification is appropriate. *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). On appeal, we review the court's decision to grant or deny certification for an abuse of that discretion. *Id.* A district court abuses its discretion when it relies on a clearly erroneous factual determination, applies the wrong legal standard, misapplies the correct one, or makes a clear error of judgment. *Lyngaas v. Curaden AG*, 992 F.3d 412, 427–28 (6th Cir. 2021). One way to misapply the proper legal standard is by failing to consider a "factor entitled [to] substantial weight" in the certification equation, for instance, by neglecting to perform the rigorous analysis Rule 23(a) requires of all classes. *Tivity Health*, 2022 WL 17243323, at *1 (quotation omitted).

Where the district court's analysis of the Rule 23(a) factors was insufficiently rigorous, we may exercise our "unfettered discretion" to review that decision at an interlocutory juncture. *Id.* (quotation omitted). That is the step we take here with respect to commonality, the second Rule 23(a) factor. A putative class action clears the commonality bar if the plaintiff demonstrates "questions of law or fact common to the class." *Wal-Mart*, 564 U.S. at 349 (quoting Fed. R. Civ. P. 23(a)(2)). What does "common" mean in this context? Mere questions do not suffice; rather, a class action must be able to "generate common answers apt to drive the resolution of the litigation." *Id.* at 350 (citation and internal emphasis omitted). In other words, a "common" question within Rule 23(a)(2)'s meaning is a contention that, when determined to be true or false, would "resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*; *see also Doster*, 54 F.4th at 430–31.

All three issues the district court certified suffer from a related infirmity:  the underlying analysis does not make clear that the three certified issues can each be answered "in one stroke." *Wal-Mart*, 564 U.S. at 350.  Take the first certified issue, whether the 2013–2018 F-150s were defective.  This issue is only "common" if the same malfunction could have corrupted the brake cylinders of all the relevant F-150 model years.  *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006).  Before the district court, Ford challenged commonality on the basis that Hitachi had made "many design and manufacturing changes" to the units over the years, including two "key changes" in August 2016 and September 2018 that purportedly would have remedied both of plaintiffs' alleged theories of seal failure.  Perhaps those changes were immaterial, meaning that any defect would persist despite the alterations.  *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 854 (6th Cir. 2013) (common issue existed despite changes because "the two platforms are nearly identical, the design issues concerned various models, and most of the differences in models were related to aesthetics, not design").  But we cannot say so with any certainty because the district court did not detail its reasons for rejecting Ford's arguments.  It did not, for instance, grapple with whether the "August 2016 Redesign" of the master cylinder, which entailed several manufacturing changes "and featured the addition of silicone lubricant . . . to prevent it from rolling or lifting," made any material difference to the class's alleged defect.  So too for the September 2018 modifications, which likewise went unaddressed in the district court's order.

Complicating matters further is the fact that the class alleged two distinct theories of design defect.  That being the case, the district court was required to consider whether the changes Ford pointed to made a difference as to each of plaintiffs' theories.  Yet that analysis is all but absent.  All we have is the summary conclusion that the claims were all "based on the same Brake System Defect across all Class Vehicles."

True, one case cited by the district court suggests that the court may have considered the changes Hitachi made, yet ultimately rejected them as inconsequential.  Redacted Class Cert. Op., R.242, PageID# 17070 (citing *Falco v. Nissan N. Am. Inc.*, No. 13-00686, 2016 WL 1327474, at *5 (C.D. Cal. Apr. 5, 2016), for the proposition that "slight, inconsequential modifications" did not destroy commonality).  But absent a more thorough discussion by the

district court, one citation to an out-of-circuit district court opinion does not a rigorous analysis make. *See Falcon*, 457 U.S. at 161; *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir. 2012); *Tivity Health*, 2022 WL 17243323, at *1.

The same surface-level approach infected the district court's certification of the second two issues—Ford's knowledge of any defect and the materiality of that defect. Plaintiffs pointed to multiple pieces of evidence from 2011 onward suggesting that Ford had knowledge of the defect. Yet even if so, Ford may well have believed any existing problem was fixed by Hitachi after the manufacturer altered its cylinder design. It is also within the realm of possibility that Hitachi's design changes affected brake performance to a degree that would have made a difference to a consumer—that is, that the materiality of any defect lessened after the 2016 and 2018 modifications. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1081 (6th Cir. 1996) (holding that design and manufacturing differences across ten different models of the same product meant potentially varying results on strict liability, fraudulent misrepresentation, negligence, and failure to warn claims). Yet here too, because plaintiffs asserted two distinct defect theories, the district court should have analyzed Ford's evidence as to each.

In reaching these conclusions, we do not weigh Ford's evidence for ourselves. That task is reserved to the district court. *Doster*, 54 F.4th at 432–33. Its failure to do so amounts to an abuse of discretion. *Tivity Health*, 2022 WL 17243323, at *1.

One other issue bears mentioning. The district court's order addressed not only class certification, but also a motion for summary judgment. Ford contends that the district court erroneously applied the latter standard in resolving the distinct issue of class certification. As evidence, it points to statements in the class certification section of the opinion indicating that "whether the 2016 changes remedied the Brake System Defect" "remain[ed] a question of fact," and describing the record evidence as sufficient for a reasonable jury to find that Ford had knowledge of the defect. For present purposes, it is enough to emphasize that on remand, the district court must evaluate whether each of the four Rule 23(a) factors is actually satisfied, not merely that the factors are properly alleged. *See Wal-Mart*, 564 U.S. at 350–51; *Doster*, 54 F.4th at 432; *Gooch*, 672 F.3d at 417–18 (noting it was "clearly wrong" for the district court to take plaintiff's allegation "as true" and to resolve doubts "in the plaintiff's favor" at class-certification

stage); *Electrolux*, 817 F.3d at 1234 ("The party seeking class certification has a burden of *proof*, not a burden of pleading. . . . [I]f a question of fact or law *is* relevant to [the class-certification] determination, then the district court has a duty to actually decide it and not accept it as true or construe it in anyone's favor."). That this inquiry might overlap with the merits of the underlying claims "cannot be helped." *Wal-Mart*, 564 U.S. at 351. Rather, it is a crucial part of avoiding the procedural unfairness to which class actions are uniquely susceptible. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quoting Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment).

\* \* \* \* \*

Ford's petition is granted, the district court's class certification order is vacated, and the case is remanded for further proceedings consistent with this opinion.